On behalf of the appellant, Mr. Stephen J. Kline. On behalf of the people, Mr. Edward Seneca. Thank you. Mr. Kline. Thank you. May it please the court. My name is Stephen Kline. I represent the appellant, Parthasarathi Agrawal. We are appealing the motion, we're appealing the denial of Mr. Agrawal's summary suspension petition. If I could please reserve five minutes for rebuttal, please. Thank you. May it please the court. Opposing counsel. We're here today, judges, because... Counsel, pardon me. Were you talking about an additional five minutes to your regular rebuttal? No, I just wanted... I didn't talk with anyone earlier. I wanted to make sure I had a reserved five minutes. You don't have an opportunity to make rebuttal. Thank you. The reason why we're here today, judge, is that Mr. Agrawal, my client, did not receive a fair hearing at a summary suspension hearing. And the reason why Mr. Agrawal did not receive his fair hearing is based on the comments and the erroneous accusations made by the trial judge claiming that the defense attorney, just to get out of the way, that was me, I was the defense attorney, had made statements at a prior status court date that, in fact, he did not make. And after the judge came to this conclusion that I had made these statements, he simply, for lack of a better term, the entire hearing went off the rails. It now turned from a summary suspension hearing into an issue of whether or not I was lying or if I told truth or filed false pleadings. And when you boil it down and you look at this transcript and you read it, the average person, kind of the unskilled person who's not familiar with the law, your average person on the street... How is that relevant? The purpose, Judge, is it's not, this is not an issue of me. This is an issue of whether my client received a fair hearing. The question was, what is the relevance of an average person reading a transcript? Because when you analyze the transcript, it shows that the judge's ruling was not based on the facts or the merits of the case. It looks just, and even a lawyer can see the same thing, but even besides that, because sometimes we're lawyers, it's hard to sort of step outside the bounds of how the law is applied, that it looks like he denied the hearing not because of the merits, but because he did not like the lawyer. And that's the feeling Mr. Agraw must have had when he walked out, when after this accusation is made, the hearing stops, the attorney's read the canon of ethics, accused of besmirching the law. I think it was the profession. Excuse me? Besmirching the profession. That's correct, besmirching the profession of law, absolutely. And then, when the trial court is presented with clear-cut evidence that that statement was never made, never applied, never represented, the trial judge now falls back on certain sort of acts, relying on certain dicta. What did he claim you said, and what did you actually say? And was the statement about what you said, was that a reasonable conclusion to be drawn from what you said? So the first question is, what did I say? Well, what did he say you said? During the actual summary suspension hearing or at the motion to reconsider, because what the trial judge accused me of saying was a little different at the actual summary suspension hearing versus what he said I said during the motion to reconsider. So I just want to make sure I answer a specific question. So you're telling me you said two different things at two different times? Yes. What did he say the first time? The first time he said that I told him, and I want to quote this directly because it is important. I believe you, this is what he told me. I believe you told me your client was served with a sworn report, and now you're taking the position that you filed a pleading, resisting the pleading, that says he didn't file a sworn report. He's referring to a prior hearing, I believe, on March 5th. I never said he was served with a sworn report. Did you invoke Moreland? Yes, I did. Isn't that implicit? It is not, Judge. Why not? There's nowhere in Moreland that says as a prerequisite for serving the holding in Moreland, a person needs to be served with a sworn report. What would be the point otherwise? The point of what, Judge? If your client wasn't served, why not just proceed on the day, the first day the case was up for summary suspension? That's what Moreland says. The Moreland says you can't proceed unless there's confirmation from the Secretary of State. That's the actual holding in Moreland. Right, because Mr. Moreland was served with the summary suspension at the time of his arrest, correct? That's correct. Wouldn't that be a reasonable assumption, that that was the position you were taking? I don't believe so, Judge. Did you clarify that for the court? Number one, I was not asked to clarify that. Do you only respond to questions when you appear before the court, or do you make your position clear? I do both. It obviously depends on the situation. And you didn't do that here, right? I did not do that here, no. I didn't think it was necessary to do it here. I think sort of implicit in your question, Judge, is people can be suspended from a DUI without actually being given a copy of the sworn report. The reason why, and I laid this out in my brief, is the sworn report filings are done on carbon paper. One copy gets sent to the Secretary of State. One copy gets sent to the courthouse, to the clerk's file. The other copy is supposedly given to the client. Now, if that notice is not given to the client, yet it is still sent to the Illinois Secretary of State or even sent to the courthouse, it's going to trigger that summary suspension. So if I'm in front of, in Mr. Agarwal's case, there was no confirmation, and the case of Moreland says if there is no confirmation, the case is set until day 30 of the petition. Nowhere in Moreland, even though I understand in Moreland the facts said that in this case the person was served with the sworn report, in no way does Moreland hold that's a prerequisite for invoking Moreland. Which brings me to Your Honor's second question on what, during the motion to reconsider, it was suggested that I implied he must have been served with the sworn report with that notice of summary suspension. Otherwise, I can't use Moreland. And as I just distinguished, that's not necessarily the case. Well, you know, the Scottish verdict is guilty, innocent, and not proven. There are three aspects. And in this instance, there could be three possible metaphysical states. One is your client was never served. One, your client was improperly served or wasn't served in a proper time frame. Or he was, in fact, served properly. So when there are three alternatives, picking one or the other really isn't a valid exercise in taking a chance. Because if you take A or B, you may have been wrong because C was the correct one. So Moreland doesn't say necessarily that you have to be served or that you don't have to be served or that you don't have to be served properly. Moreland says only, I'm assuming you agree with this, that the hearing cannot proceed to determine whether or not the suspension should be revoked or rescinded until the Secretary of State has confirmed suspension. I do agree with that, Judge, yes. Okay. Now, having said that, what did you say in your petition relative to whether or not there was service, whether there was no service at all, but you knew that because your client was told that his license would be suspended, that he came and talked to you and said, my license, I was told it was going to be suspended, but I haven't seen anything. And versus the third situation, which is, I got this paper in the mail and it says that, what is it, 48 days from now I'm going to, quote, unquote, have my license suspended. You see my point? Yes, Judge. So what did you say in your petition? That he was not served with the sworn report. Okay. To answer your second question, it's going a little outside the record, although I'm happy to answer. As a lawyer in this field, you are going to know the length of suspension somebody is anticipated getting just based on your experience. If you know the person's had, refused a breathalyzer test, you know that likely they're going to face a suspension, assuming, of course, the paperwork is completed properly. So whether or not my client was served with the sworn report or not, I'm going to assume, because that's what I have to do in my profession, that very likely there is a suspension that's going to start 46 days after he's arrested. And when we come back to it, the problem is this reaction by the trial judge, which we all can see was based on the, he says, you told me you said this. Later he says, well, you implied this, you represented this. These representations invoking Davis, these weren't brought up during the hearing. It's very clear that the hearing derails because of the trial judge, the state's attorney claiming that I said this and this and this, and now I'm saying the opposite. And at that point, because it derailed, really the reaction denied the defense, the petitioner in this case, a fair opportunity to argue the case, to complete the actual part of the petition where the client says he was not served. Even under Davis, it doesn't overrule the case of Peoples v. Oswald, which still shows and holds that a valid ground for rescission is if the arrestee, the driver, the motorist is not served. What was the purpose for your question that you directed to the police officer? Was it to establish that this police officer hadn't served the defendant? Or was it that the police officer saw someone else serve the defendant? Or that the police officer indicated on the report that he personally served the defendant when in fact he mailed it? What exactly was the purpose for the question? The purpose of the question was this. I know that at the Naperville Police Department, very frequently the jailers, not the arresting officers... Counsel, is that in the record? It is not. Please answer your question based on the record before us. Absolutely. The purpose of the question was to determine if this police officer had served the sworn report on Mr. Agrawal. Now, if this specific officer, Officer McLaughlin, had not personally served, who did? And if he claims, well, this person, is this person... what's this person's name? Did he see the sworn report being served? This is how I'm laying the foundation to determine whether or not my client was served. This is simple, just question and answers with the police officer. And so the state then claimed that at a prior hearing you said that you were not intending to question anything but probable cause as to whether or not your client was intoxicated, correct? The state had claimed that... They objected. Right. And in their objection, I'm looking at the transcript. What date are you looking at? March 22nd. Yes. Counsel represented that the defendant was served with the sworn report and we didn't have a confirmation, which is the essence of a Moreland issue. And now we're going to turn around and challenge that he was never served with the sworn report and try to go through Neighborville Police Department's process for serving sworn reports. So to answer your question, the state is objecting that at the prior status date on March 5th that I had said he was served with the sworn report. The trial judge is the one who said, I thought we were just going on probable cause. So it was the trial judge who made that, asked that question, not specifically the state. And then at that time, did you say, yes, that's the only thing we're going on? We've abandoned improper service or what? No. I said that. He asked, are we going on everything? The trial judge, excuse me, said, are we going on everything raised in your petition? I said, yes. So he says, it's not limited to just probable cause. Maybe I misunderstood you. And I said, I don't know if I was asked what the issues were. So sometimes they'll say, what are the issues in your petition? To sort of highlight that I was never asked that question. Some of this might be a little misunderstood with the opening statement I made. Can you talk about that? What did you say in your opening statement? What I did say was this. I wasn't challenging probable cause only in the petition. But I was only challenging probable cause specific to the DUI charge. This type of hearing is not your usual person coming home from the bar gets pulled over. It's a very aggravating set of facts that I know when the evidence is going to be set forth, it's going to paint my client in a very negative light. The police officer actually observed some property damage, did he not? Yes, absolutely. He did. By your client? Yes. However. And not accidental, necessarily, property damage? Accidental? He didn't observe the context of the property damage in a way in which a reasonable person would interpret to have been an accident. Probably reckless would be a better choice. I don't think Mr. Agarwal hit a mailbox on purpose, but certainly does this type of label as an accident. But that's not, and that was exactly, see, these types of questions were going to come up. It's painting him in a negative light. But the point is, this is a summary suspension hearing. This is about not probable cause for assault, damage to property, fleeing and eluding. This is probable cause for DUI. And I just wanted to, because of the sort of, the way the hearing was going to come out a little differently, that's why I made that. But when you look at the context of my opening statement, it doesn't say I am only proceeding on the only ground which is petitioned, which is probable cause. I can certainly understand how a reasonable person might perceive that. However, that was not the intent. And when you look at the context of the opening statement, I'm not limiting. Well, did you or did you not say, quote, only challenging reasonable grounds for arrest for the DUI drugs? Is that what you said or not? I did say that, Judge. However, when we look at it. Is it in a reasonable interpretation? I mean, how many times does the court ask you what are we going on in this petition? And when someone starts their answer with only, isn't it reasonable to assume they're saying only reasonable grounds? Judge, I understand your statement, and I understand the record doesn't read as clean as I would like to. It never does. However, I do believe, and I'm not trying to reiterate an answer, but in the context of everything else I was saying, it applies to, Judge, you're going to hear probable cause for many different offenses in this case. However, this is about probable cause for DUI. If this is the bottom line, is you're asking for rescission not based on what the officer testified to, but based on the tenor of the entire hearing? Is that a fair statement? I would say it's both, Judge. Yes, I do believe that based on the officer's testimony, there was not sufficient probable cause to place my client under arrest for DUI drugs. It wasn't so for the sake of argument that maybe there was. Okay. So your basis is that because of the tenor of this hearing, and what Judge Kleeman said, his tone, the things that he invoked, that that's why your client is entitled to have this vacated, and he's entitled to a new SS hearing? Yes, but in addition, more specifically, was that the hearing derailed based on an inaccurate memory of what happened. Well, why is that different than what I just said? Because it's not just what he said or the accusations he made or the tone. I mean, I can take that, but when sort of the hearing stops because of an erroneous thought, it's sort of like if you're playing tennis and the serve doesn't go in. You can't criticize whether the guy can return the shot. The serve was out. Here, the whole hearing goes off the rails based on you told me. Was that analogy in the record by any chance? No, I'm making it clear. I'm supposed to take judicial notice of that comment, correct? It's just an analogy just for sake of argument here. The point is that when a hearing stops and these things are said based on something that wasn't true, the client should get a redo. He didn't get his entire hearing. I was not able to question the officer further about an allegation I made in my petition about whether he was served with the notice of summary suspension because of this incorrect, this erroneous accusation made by the judge. And based on that, that's why my client didn't get a fair hearing. Because after the allegation of lying, of besmirching the profession of law, he walked away thinking, this is a reasonable, this isn't a quote. The reason why I lost that was because the judge didn't like my lawyer, not because of what he said. I'm sorry, is that in the record anywhere? No, I just said this is not a quote. This is my reasonable interpretation in front of Your Honor. But that's how it reads, Your Honor. Thank you, Justice. Mr. Seneca. Good morning, Your Honors. May it please the Court. Mr. Klein. My name is Edward DeSeneca. I'll be arguing on behalf of the people in this matter. As I indicated in my brief, this appellant's brief reads more like a manifesto against the trial court judge than it does like a brief filed on behalf of Mr. Ackerwall. The only substantive issue, which counsel alluded to towards the end of his argument, was whether there was probable cause proof, the probable cause issue at the hearing. The trial court held there was probable cause based on the police officer's testimony, and this testimony is based on the police officer's own observations. As you alluded to, Justice McClaren, the arresting officer saw Mr. Ackerwall strike his ex-girlfriend's car with his own car. And it appeared potentially because he did it in reverse. He reversed his car into his ex-girlfriend's car. And then while attempting to flee the scene, he almost struck the arresting officer's car. And then as he was fleeing, he struck two mailboxes. This is all evidence of someone not in complete control of their faculties, someone that is likely to be impaired. And the conclusion that the driver was impaired was further supported by the arresting officer's observation of the defendant. Once he was arrested, he had to be taken to the ground to effect the arrest. But once back at the station, the arresting officer observed that the driver's eyes were dilated. They were bloodshot. He had a cotton mouth, and he had slow reaction time. And this evidence was confirmed by a sobriety test, a Romberg test, to verify his reaction time. This is all evidence that the officer could reasonably rely on. Counsel, was this a fair hearing? Yes, definitely. Well, that's kind of getting me to the second point I wanted to argue. Thanks for asking. You've got to view it in context. This case is emblematic of a larger problem. But isn't that beyond the scope of what we're called upon to decide here? It's not because everything I say is going to be supported by the record. Some defense attorneys rush in the court and file their petitions rescind just to get the 30-day clock ticking. And in doing so, they file petitions they don't have a good faith basis to file. The trial judge said this at the hearing. You come in here, and you file petitions that you don't have a good faith basis to file. And they do that to start the 30-day clock ticking. They want to beat the summary suspension's confirmation from the Secretary of State back to the trial court. Or they hope at the summary suspension hearing the officer is not going to appear so they can put their client on the stand and perhaps testify to things that they wouldn't necessarily do if the officer was there. And is what you just described illegal or immoral? It's a violation of the code of ethics, and that's what the trial judge said. How is it a violation of the code of ethics? Is there some case authority? Well, you have to have a good faith basis in what you file in the court. And here's a great example in this particular case. At page 27, the petition rescind. Allegation 5 is, I, meaning defendant, did not refuse to submit and or complete the required chemical tests. Now, remember, counsel just acknowledged that he said he was going on every basis in his petition when asked by the trial court, not just probable cause but every basis. So he says, I, meaning defendant, did not refuse to submit to chemical tests. Then as a brief in this court at page 32. Is this similar to a speedy trial demand? I mean, that's what it sounds like to me. No, no. The question posed to me is whether he received a fair hearing. So in context, was the trial judge behaving appropriately to defense counsel? And I'm saying he was. That was the question, and your answer is noted. My question is, your response was some defense lawyers are doing things that are considered unethical or improper, and the judge finally came down on Mr. Klein because we all know, although I personally don't know, that this is considered unethical or immoral or a violation of the canons of ethics when there's a case out there that says this is what is supposed to happen and doesn't criticize anything. And I guess I've never heard of going to the courthouse and filing something is unethical or immoral when, in fact, the prognosis is that there will, in fact, be the necessity for a hearing. That does not limit the attorney's responsibility to only allege things that they have a good faith basis in. And defense counsel in this case unequivocally did not. Okay, what did he not ethically allege?  This is an example in the petition. Defendant did not submit to chemical tests. In his brief, when he's trying to distinguish Osborne from Davis, he says, the facts of defendant's instant case are much more analogous to those in Osborne than in Davis. Unlike in Davis, the defendant refused chemical tests. So he's saying to this court, defendant refused chemical tests. He said to the trial court, defendant did not refuse chemical tests. He either lied to the trial court or he's lying to this court now. It's one or the other. It can't be both. And that's what angered the trial judge in this case. That's the frustration that animated the interaction between the trial court judge and Mr. Kline. But, counsel, even if the trial court was very frustrated at a, what I assume you're alluding to beyond the scope of this record, is a series of events, either by this attorney or other attorneys. But how does that make this hearing for this defendant a fair hearing? Not what's been happening for the last three or four months, but for this defendant, how did this defendant get a fair hearing if, as counsel says, the hearing stopped? I alluded to the probable cause. I believe that was sufficient. That was the only evidence. Remember, the burden is on the defendant to prove by a preponderance of that evidence a primal facial case for rescission. So the evidence, the evidentiary burden is on the defendant. There's no indication in this record that he was precluded from presenting any evidence. He didn't have evidence of the defendant refusing to submit to the test because he submitted to the test. Let me back up. I'm sorry. There's no indication that he was, he doesn't say any evidence that he was not allowed to present. There's none indicated in the record. He had an opportunity to elucidate that in his motion to reconsider. He says the record was stopped short because the trial court judge got mad. He goes back to his office. He collects himself. He says, okay, what evidence did I not get to produce? You put that in your motion to reconsider. You make specific allegations in your motion to reconsider. You'll be saying things like making an offer of proof. He didn't do that. There's this phantom idea that he had a defense of notice. It's not there. There's this phantom idea he had a defense about the chemical test. He refused the chemical test. He didn't take them. He's telling his court the exact opposite of what he told the trial court. It's one or the other. There's nothing there. So, you know, the perception that the hearing is unfair still has to be supported by the record. There's nothing in this record to support rescission of the summary suspension, and there's nothing later in the record. Counsel, was this a fair hearing? Yes. It was abundantly fair. Because counsel had a chance to put the police officer on and ask questions. Yes, and the trial judge asked him specifically, do you have any other witnesses? He said no. Now, he's saying I was cow-cowed into saying that, but then in your motion to reconsider, you say. I was going to put on the jailer who said he didn't serve notice. I was going to put on my client who said I didn't receive notice. But there's none of that in this record. There's no way we can infer that. Because if the truth were on his side, which unequivocally it wasn't, he would have made those arguments in his motion to reconsider. There's no other inference that could be drawn from this record. So, if I understand what you're saying, you got a fair trial, even though the judge told him he was lying, told him he had breached the canon of ethics, contemplated whether or not he was going to report him to the ARDC, and essentially asked the state or told the state that it didn't have any further questions. Is that correct? Yes. Okay. Well, if you're worried about whether Mr. Agarwal can't be made whole, he can be. Mr. Agarwal's remedy, if he had a true defense that wasn't presented, which he doesn't, but assume for argument's sake that he did have one, and assume it was this notice argument. He has a cause of action against Mr. Klein for malpractice, for the way he litigated the suspension hearing. How does that get his license reinstated? Well, you know, he gets a money judgment against Mr. Klein. How does that get his license reinstated? It wouldn't, but that's not the question. I mean, maybe I didn't say it clearly enough. He received a fair hearing because there's no indication there was any evidence that wasn't presented that could have been. In fact, the exact opposite is true. The record shows that he made allegations in his petition to rescind that weren't based on good faith, that were contrary to the actual facts. To get back to something you asked, defense counsel, you asked about manner of service, how the driver received the notice. That's not an issue. That's not a basis to contest a petition to rescind. You can be served through the jailer. You can be served through the mother. There's people we lent and completed. Isn't that a reasonable foundation question to determine whether service was done at all? No, because he has to prove. The only way he can prove that he didn't get service is through his client. That's the only way he can prove. He's got the burden of proof. He has to show that not who served him, but that he was not served. Was his client actually placed on the stand on that question not asked, or did the proceeding terminate before that? The proceeding terminated at his own behest. He said he had no further evidence. And like I said, if he felt like he had a kowtow to the trial judge. Why would he put that evidence on if he was previously told that he had lied and that he really wasn't intending on establishing that fact, despite the fact it was contained in his petition? Well, the reason why he wouldn't put it on in this case, it's not true. There's no basis to believe it was true. How can you make that statement based upon this record? Because. When you said the only witness or the only evidence that would establish the affirmative or the negative of that hasn't testified. So how is it that you know? Are you some supernumerary? No, no, I'm not, Your Honor. Okay, well, I thought maybe you thought you were. No, but if he had a notice defense, that's a threshold defense. That affects the court's jurisdiction. That's something you raise first. In fact, since this is a civil case, that's something you have to raise first. If you raise substantive arguments prior to raising jurisdiction, you waive jurisdiction. That's black letter laws controlled by the Code of Civil Procedure, which controls these proceedings. Section 2301 of the Code of Civil Procedure. So if he had a notice defense, that's something that would have to come up first. Are you saying that if you're attacking jurisdiction on the basis that you haven't been served, you have to wait until you've been served in order to allege that you haven't been served? No, no. You would file a petition to rescind, just like they did in Agrawal, and you would say, I wasn't served. And that's the only thing you could say. And under the Code of Civil Procedure, this is the wrinkle that's good for the state and bad for defense counsel. It has to be supported by affidavit of the defendant, and that affidavit has to say, I was not served. That's black letter Code of Civil Procedure law, and that didn't happen here. Well, doesn't that presume that the police officer actually issued it and that, therefore, there is a carbon copy of records someplace else? No, not at all. In fact, it's the exact opposite. Your argument at that point is, I didn't get this warm report. I know that a confirmation is pending because I've been told. So you file a motion to dismiss or a petition to rescind alleging only lack of notice. And it's jurisdictional. It's threshold. It has to be done before you raise substantive issues. The first issue he raises with the officer is substantive issue. But at that point, he's weighing jurisdiction. You know, this is supposed to be a civil proceeding. And I know that at one time, probably before you passed the bar, that if you filed a general appearance and did not file a special and limited appearance, you waived personal jurisdiction. That was true. That isn't the case. That isn't the case. So what you're telling me doesn't sound like you have to do the things that you just described based upon what the rules are now saying that you must do. That you can do that through a motion to dismiss at the time you file your motion to dismiss. Yes. Yes. Appearances don't control anymore. The motions practice does. And under section 2301, I'm going to reiterate it. If you're contesting jurisdiction, you can't raise substantive arguments. You still waive jurisdiction if you make substantive arguments. And if you're going to contest jurisdiction, that motion has to be supported by affidavit of the defendant that says I was not served. If defense counsel could have done that, he would have. So you're saying that even so far as summary suspension are concerned, you cannot plead in the open. In the alternative, you cannot plead that there is some lack of merit in what is transpiring. And at the same time or in the alternative, argue that there is no jurisdiction. No, in 2301, you can file a motion that says both, but it has to be delineated. But the key part here, it has to be supported by affidavit. It has to be. This one was not. Okay. There are no further questions. I have a plethora of questions, but we don't have enough time. Thank you. Mr. Klein. Thank you. May it please the court. Just really one point I just wanted to rebut based on the state's argument. The petitioner, the appellant, was precluded from presenting evidence regarding whether the sworn report or the notice was served on Mr. Agrawal. And it all started sort of the domino that pushed it off was this erroneous accusation about what was previously said. Based on that, there's no way I could have continued to question any more on that issue.  I'm just saying you had to file an affidavit. Is that so? I don't know any case law that supports that. I think that's what he thinks should be done, but I don't think there's any law that says that's the way it has to be done. And I didn't have a chance to argue my case in front of the judge. The state didn't get a chance to ask the questions. Justice McLaren is absolutely right. They were told, do you have any more questions? Good. So they were sort of persuaded to not ask any more questions, and then right away the judge went into this ruling. When the trial judge was presented with the fact that I did not make this statement, it was not fixed. My client was deprived of a fair hearing. And the ruling ultimately left the impression that it was the lawyer's fault why Mr. Agrawal's petition was denied, not based on the merits of the case. Respectfully, yes? Impression isn't the issue here. The impression, but that's the case then, Judge. That's what happened here. My point is that the impression your client was left with is not the dispositive issue here. Absolutely. I agree with you. It's not the dispositive issue. The dispositive issue was that my client did not receive a fair hearing. And in the record it shows that. Because the ruling is not based on the merits. It was based on the reaction towards what the lawyer said and what the lawyer did. And maybe the trial judge would have been correct in righteously making those statements if that statement was made. But that statement was not made. I never told the judge my client was served with the sworn report, yet that's the exact thing I was accused of saying, and it didn't happen. Okay. But do you agree or disagree that it's implicit when you invoke Moreland? I do not agree with that, Judge. Unfortunately, I have to respectfully disagree. The case doesn't hold that as well. Nonetheless, that was clearly the facts upon which Moreland's decision was based, correct? Correct. That was the facts in that situation. Although I would submit that even if somebody's not served with the sworn report, it doesn't change the crux of Moreland. Whether hearing can be heard if no confirmation is from the Secretary of State. The confirmation from the Secretary of State is independent as to whether the client was served with the sworn report because the confirmation will occur if it is sent to the Secretary of State. So if it's sent to the Secretary of State, but my client or any client is not served with the sworn report, the confirmation issue is not going to change. In fact, you wouldn't know it any differently. It's completely irrelevant to Moreland.  I was not asked, well, isn't it true in Moreland that it's implicit the person was served? Was that question ever asked during the summary suspension hearing? Was the holding in Davis ever brought up during the summary suspension hearing? No. Well, you know the court can cite any case law it wishes and it does not have to give you an opportunity to. But when we are looking at why the trial judge ruled the way he did at that time and at that hearing on March 27th. So is it your position that the trial judge didn't give you a fair hearing on notice? On notice of the summary suspension? The entire hearing. And that one of the grounds on which I was proceeding was service of notice. And that was a ground I was not allowed to go to. Did you get a fair hearing on the reasonable grounds issue? That's a very good question, Judge. On the one hand, I want to say yes. I want to say yes. I was able to ask my questions. I was able to give the answers. However, I didn't have a chance to argue at all. And I think that based on that, the case law I've cited in my brief says you should give the attorney the ability to argue his points. Should or must? I would say must, yes. Where does it say must in a civil proceeding? I don't have the case law in front of me, Judge. But I think it's necessary because even the case law says it sometimes. Maybe necessary. Is it required? Is it required? In a civil proceeding. Must the court in a civil proceeding give you an opportunity for submission? No. Or only in a criminal case? I don't know the distinction between both cases, between civil and criminal. If under Moreland the facts were the person did not contend that he was not served, then what is the point about Moreland that would require the Secretary of State's confirmation to be filed in order to proceed forward? I don't fully understand your question, Judge. Your question is? My point is if you step up on behalf of your client and you say my client was served, if you go one step further and say my client was properly served, what is the reason? What's the rationale? What's the ratio of dissidentity for the case of Moreland that says, sorry, Charlie, you and the state have to wait around until a piece of paper from the Secretary of State is filed? What is the significance of that piece of paper when you supposedly have agreed that you've been properly served, the proceedings have been properly initiated, what exactly is the purpose to be served by the Secretary of State's confirmation that would require the case to be continued until the 30th day? My analysis is going to be within the case of Moreland and what was held in Moreland. Because what was held in Moreland was based on the fact that there could not be a summary suspension hearing unless there is a suspension to ask to rescind. And that without a confirmation from the Secretary of State, therefore, there is no suspension to rescind. Therefore, there is no need for a hearing at that time. So a confirmation is nothing more than a statement by the Secretary of State that says I have suspended your license? I wouldn't say it's nothing more, but that is exactly what it is. And that's where Moreland came from, was that from the dicta in Madden that said you cannot hear, you cannot rescind something that doesn't exist. Therefore, under Moreland, there's no confirmation, there's no suspension, there's nothing to rescind, there is no hearing. And that's the basis of Moreland. You can't appeal the King's decision until the King has taken his signet ring and emblazoned his seal with molten wax upon the envelope, correct? That's what the confirmation really is. Thank you. Thank you for your time. I take the case under advisement, there will be a short recess.